GEORGE A. RICHARDS v. ANNA A. RICHARDS.

*Divorce not granted on evidence drawn out by leading questions.*

Where testimony in a divorce suit is largely drawn out by leading ques-
tions and goes but little beyond the points suggested by them, it
deserves very little credence.

Appeal from Calhoun. Submitted June 8. Decided June 14.

BILL for divorce. Complainant appeals. Dismissal affirmed.

*James N. Robinson* and *Clapp & Reynolds* for com-
plainants.

*Briggs & Clark* for defendant.

CAMPBELL, J. Complainant filed his bill against defend-
ant for a divorce on the ground of cruelty. It would serve no good purpose to discuss the facts at length. We are of opinion on all the testimony that he has failed to make out a case, and that a considerable part of the charges against her derive no support from proofs worthy of credit. The case shows the existence of a state of things involving prob-
ably shortcomings on both sides, but as the record appears

to us the trouble has arisen chiefly from the wickedness of mischief-makers, furthered by the weakness of character and unfounded jealousy of the complainant. There is not the slightest reason to impugn the defendant's virtue, and we have not discovered any evidence of cruelty, or any reason to believe her temper any more exasperating than the conduct of complainant and his friends and relatives, which creates a very unpleasant impression.

We cannot forbear saying that testimony of matters largely drawn out by leading questions and going but slightly, if at all, beyond the points suggested by them, deserves in such cases as this very little credence, and that there is considerable testimony which is grossly exaggerated and deriving such little force as it has from malicious hearsay. From such glimpses as we get into the affairs of the household we feel much impressed with the belief that if the husband had been a man who paid more attention to his duties, and less to the prejudices and slanders of sour and unfriendly meddlers, we should never have heard of this controversy.

The decree dismissing the bill must be affirmed with costs, and with an allowance of one hundred dollars.

GRAVES, C. J. and COOLEY, J. concurred.